JOSEPH W. PARMELEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parmelee v. Commissioner
Docket No. 9372-93
United States Tax Court
T.C. Memo 1994-570; 1994 Tax Ct. Memo LEXIS 577; 68 T.C.M. (CCH) 1219; November 21, 1994, Filed *577 Decision will be entered under Rule 155. Joseph W. Parmelee, pro se. For respondent: Ann Murphy. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes for the years 1988 and 1989 in the amounts of $ 2,268 and $ 2,629, respectively. After concessions by the parties, [2] the issues remaining for decision are: (1) Whether petitioner is entitled to deduct as wages on Schedule C of his 1989 return amounts allegedly paid to provide an automobile to petitioner's dependent and co-owner of the vehicle; and (2) whether petitioner is entitled to receive credit for the "employer's" share of Federal Insurance Contribution Act (FICA) tax on compensation paid to petitioner by *578 Design Services, Inc. during 1989. Some of the facts have been stipulated and are so found. The stipulations of fact are incorporated herein by this reference. Petitioner resided in Cave Junction, Oregon, on the date the petition was filed in this case. In 1983, petitioner and Joseph C. Weske began operating a small manufacturing and engineering service company called Wild Bears Systems (Wild Bear) from petitioner's home in Cave Junction, Oregon. Wild Bear manufactures components for industrial motion control systems, and provides hardware and software product development services. Petitioner provides administrative and design services and constructs and tests engineering prototypes at his place of business in Cave Junction. However, a certain amount of work is required to be done at the customers' facilities (i.e., the installation testing and repair of hardware and software products), and petitioner is therefore required to travel for business purposes during the year. *579 In 1989, petitioner also worked as an independent contractor for Design Services, Inc. (DSI). DSI improperly classified its relationship with petitioner as an employer-employee relationship and withheld State, Federal and Social Security taxes from petitioner's compensation. Petitioner received a Form W-2 (Wage and Tax Statement) for the services rendered to DSI and reported the DSI earnings accordingly on his 1989 return. The contract between Wild Bear and DSI in effect during 1989 required petitioner to provide product design and manufacturing engineering services to DSI's client company in Berkeley, California. In 1989, petitioner traveled to Berkeley, California, where he remained for 4 months on business, during which time Mr. Weske was in charge of Wild Bear. [3]
Petitioner testified that from its inception, he and Mr. Weske operated Wild Bear pursuant to a partnership agreement. The partnership *580 consisted of jointly-owned property. [4] However, for the years 1983 through 1989, petitioner reported all of the income and expenses of Wild Bear as those of a sole proprietorship on Schedule C of his individual returns. Petitioner testified that Wild Bear was identified as a sole proprietorship as opposed to a partnership because the "tax law was just too confusing to us and our income wasn't high enough to justify going through all the steps that were needed to actually bring about [the] filing [of a partnership return] until 1990." In 1989, petitioner claimed Mr. Weske as a dependent on his return. [5] Petitioner testified that Mr. Weske was claimed on his return as "an attempt to realize some part of the benefit [which] would have [been] realized had [petitioner and Mr. Weske] been filing properly as a partnership." Petitioner testified that commencing with the taxable year 1990, he and Mr. Weske reported the income *581 and expenses of Wild Bear as a partnership. On August 6, 1989, petitioner and Mr. Weske jointly acquired a 1981 Subaru automobile (Subaru). [6] The Subaru was used exclusively by Mr. Weske during 1989 and was his only means of transportation. [7] In 1989, petitioner deducted the amounts allegedly spent to provide the 1981 Subaru to Mr. Weske on his Schedule C as ordinary and necessary expenses of Wild Bear. Petitioner claimed business expense deductions on Schedule C pertaining to the Subaru for operating expenses of $ 786, interest of $ 64, and depreciation of $ 545. [8]
*582 Petitioner contends that the claimed automobile expenses are allowable deductible business expenses of Wild Bear under section 162. Petitioner further contends that the expenses of operating the Subaru are deductible because it was necessary for someone to tend to the affairs of Wild Bear in his absence. Petitioner also contends that the Subaru was provided to Mr. Weske as compensation for services rendered by him to Wild Bear in petitioner's absence. Respondent contends that Mr. Weske is a co-owner of the vehicle and that petitioner is not entitled to a compensation deduction for Mr. Weske's use of the Subaru. Ordinary and necessary expenses paid or incurred in carrying on a trade or business are generally deductible. Sec. 162(a). If the expenses are paid or incurred for a purpose that bears a sufficiently close relationship to the taxpayer's trade or business, the expenses are properly deductible. . No deduction, however, is allowed for personal, living, or family expenses. Sec. 262. Deductions are strictly a matter of legislative grace, and the taxpayer must demonstrate that any claimed deduction *583 fits squarely within the ambit of the statute permitting the deduction. . Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner has the burden of proving otherwise. Rule 142(a); ; . On Schedule C of his 1989 return, petitioner deducted operating expenses, interest, and depreciation for the Subaru in the amount of $ 1,395 as ordinary and necessary business expenses of Wild Bear. These expenses are deductible only if they were expended in connection with petitioner's trade or business. Sec. 162. Petitioner has failed to show that the expenses claimed to provide Mr. Weske with the exclusive use of the Subaru were ordinary and necessary business expenses of Wild Bear. Petitioner did not present any evidence that the claimed expenses were for a business purpose. Petitioner nevertheless argues that the expenses should be reclassified as compensation to Mr. Weske. With respect to petitioner's attempt to *584 reclassify the expenses as compensation, petitioner has the burden of showing that the payments were for services actually rendered to his trade or business. . Petitioner contends that Mr. Weske was in charge of Wild Bear in his absence. Petitioner failed to show what services were rendered to Wild Bear by Mr. Weske. Accordingly, we find that the expenses claimed for providing Mr. Weske with use of the 1981 Subaru are nondeductible. We must next consider whether petitioner is entitled to a credit for DSI's employer's share of FICA tax on the compensation it paid to petitioner. Petitioner claims that he should be taxed on the gross compensation received from DSI plus DSI's share of FICA tax and receive credit for FICA tax paid by DSI. DSI's share of FICA tax is not income to petitioner even though petitioner was an independent contractor. Petitioner's claim is without merit. Moreover, we are without jurisdiction to determine whether petitioner is entitled to the credit. Sec. 31(b). [9]
*585 To reflect the parties' concessions and our conclusion with respect to the disputed issues, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All issues have been conceded for 1988.↩
3. The record does not reflect what Mr. Weske did while being "in charge" of Wild Bear in petitioner's absence.↩
4. The record does not reflect to what extent petitioner contributed to the jointly-owned property.↩
5. Respondent did not challenge Mr. Weske's qualification as petitioner's dependent.↩
6. The Subaru was titled in both petitioner's and Mr. Weske's names. However, the record does not reflect the amount spent by petitioner for the purchase of the Subaru.↩
7. The record does not reflect whether Mr. Weske used the Subaru for any business purpose.↩
8. Respondent did not question petitioner's calculation or substantiation of the expenses claimed.↩
9. This Court's jurisdiction in determining a credit of FICA taxes is expressly limited by sec. 31(b) to FICA taxes withheld as a result of receiving wages from more than one employer. .↩